UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6208 GPS (JCx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | Kimberly Manfred v. Superstation, Inc. | | |

| Present: The Honorable | Audrey B. Collins, Chief United States District Judge | | |
|---|---|---|---|
| Angela Bridges | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | | |
| None Present | None Present | | |

**Proceedings:**   ORDER DENYING REQUEST FOR APPLICATION OF CALIFORNIA CIVIL CODE § 3291 (In Chambers)

Pending before the Court is Defendant Superstation, Inc.'s motion and application for relief pursuant to Fed. R. Civ. P. 60(b)(5). (See Defendant's Mot. (Docket # 224); see also Appl. to Reopen Case (Docket # 225).) Plaintiff filed an opposition and Defendant filed a reply. (Plaintiff's Opp'n (Docket # 230); Defendant's Reply (Docket # 232).) Also pending before the Court is Plaintiff's motion to compel payment. (Plaintiff's Mot. (Docket # 227).) Defendant filed an opposition and Plaintiff filed a reply. (Defendant's Opp'n (Docket # 229); Plaintiff's Reply (Docket # 231).) The Court previously found the motions properly resolved without oral argument. (June 2, 2010 Minute Order (Docket # 233).) Having reviewed the papers and the arguments presented by counsel, the Court hereby **DENIES** Plaintiff's request for a 10% penalty under Cal. Civ. Code § 3291 and **GRANTS** Defendant's motion to be relieved from the judgment because it has been satisfied.

The issue before the Court is whether Plaintiff is entitled to recover 10% interest from the date of the judgment in this case pursuant to Cal. Civ. Code § 3291, rather than the 1% postjudgment interest available under federal law. Section 3291 is similar to Fed. R. Civ. P. 68, which provides for costs to a defendant who makes an unaccepted settlement offer before trial and plaintiff recovers a judgment less favorable than the offer. Section 3291 applies generally when a plaintiff in a personal injury action makes a settlement offer that is rejected by the defendant and the plaintiff then obtains a more favorable judgment. In such a scenario, the resulting judgment bears interest at a 10% rate "calculated from the date of the plaintiff's first offer . . . and interest shall accrue until the satisfaction of the judgment." Cal. Civ. Code § 3291.[1]

Federal courts sitting in diversity generally apply state substantive law and federal procedural law. Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)). Where an issue is procedural in nature, federal law controls unless either (1) the federal rule cannot be traced back to a federal statute or Federal Rule of

---

[1] Defendant has already tendered payment to Plaintiff sufficient to satisfy the judgment in the event that the Court concludes that Section 3291 is inapplicable. (See Declaration of Ashley R. Leach ¶¶ 7-9, Exs. F-H (Docket # 224).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6208 GPS (JCx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | Kimberly Manfred v. Superstation, Inc. | | |

Civil Procedure, or (2) the federal rule created an incentive to shop for the federal forum.  See Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1168 (9th Cir. 1995) (citing Hanna v. Plumer, 380 U.S. 460, 467-68, 470-71 (1965)).

      It is settled that an award of postjudgment interest is governed by federal law in diversity actions.  See Northrop Corp. v. Triad Intl. Marketing, S.A., 842 F.2d 1154, 1155-56 (9th Cir. 1988).  Plaintiff attempts to circumvent application of federal law by arguing that Section 3291 is not really an "interest" provision at all, but rather a "penalty" imposed by the California legislature to encourage settlement of personal injury cases.  (E.g., Plaintiff's Mot. at 9-17.)  This is significant according to Plaintiff because several courts have analyzed choice of law issues for similar statutes and found that the state statute governed.  See, e.g., S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist., 60 F.3d 305 (7th Cir. 1995) (holding that Wisconsin provision similar to California's Section 3291 applied in diversity case).

      The Ninth Circuit's case law on this issue diverges from the Seventh Circuit's, however.  See Cynthia L. Street, Comment, Rule 68: Erie Go Again – Costs, Attorneys' Fees, and Plaintiffs' Offers – Substance or Procedure?, 20 Miss. C. L. Rev. 341, 351-53 (2000) (contrasting Ninth Circuit authority with Seventh and Eleventh Circuit authority).  Indeed, the same points raised by Plaintiff here were addressed by the Ninth Circuit in Home Indemnity Co. v. Lane Powell Moss & Miller, 43 F.3d 1322 (9th Cir. 1995) in reaching the opposite conclusion.  In that case, the plaintiff argued that it was entitled to enhanced prejudgment interest based on an Alaskan settlement offer provision similar to California's Section 3291.  See id. at 1331-32.  In deciding whether the enhanced interest provision applies in diversity cases, the Ninth Circuit first held that the provision "is not a prejudgment interest statute; it addresses the procedures for and consequences of making offers of judgment."  Id.  at 1332.  Unlike the compensatory nature of prejudgment interest awards under Alaska law generally, the enhanced interest provided by Alaska's settlement offer provision imposes a penalty.  Id.  "Therefore, [Alaska's settlement offer provision] cannot be characterized as a substantive prejudgment interest statute.  It is a procedural offer of judgment provision."  Id.

      The Ninth Circuit noted that "[f]ederal procedural rules govern in diversity actions. . . .  The district court correctly found that Fed. R. Civ. P. 68 controlled in this diversity action.  Because Fed. R. Civ. P. 68 applies only to offers of judgment made by a defendant and does not provide for higher rates of interest, [the plaintiff] was not entitled to an enhanced rate of prejudgment interest as a result of its rejected offer of judgment."  Id.

      Thus, the Ninth Circuit addressed the same issues raised by Plaintiff here in reaching the opposite conclusion.  As the parties failed to cite Home Indemnity in their initial papers, the Court ordered supplemental briefing so that the parties could address it.  (See June 2, 2010 Minute Order at 1.)  Plaintiff's supplemental brief does not attempt to distinguish Home Indemnity.  (See Plaintiff's Suppl. Brief (Docket # 235).)  Instead, Plaintiff argues that Home Indemnity was wrongly decided because it failed to properly apply the principles established by the Supreme Court in 1965 in Hanna.  (See id. at 1 ("the Ninth Circuit in [Home Indemnity] did not apply the appropriate analysis mandated by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6208 GPS (JCx) | Date | June 14, 2010 |
|---|---|---|---|
| Title | Kimberly Manfred v. Superstation, Inc. | | |

Supreme Court in Hanna[]."); see also id. at 8 ("The most glaring omission in the Ninth Circuit's Home Indem. Co. opinion is the total lack of any real analysis under Erie, Hanna, or any other relevant Supreme Court authority."))  Hence, Plaintiff's attack on Home is based on its contention that it improperly applied pre-existing case law.[2]

     The Court recognizes that some other circuits have reached a contrary conclusion than the Ninth Circuit did in Home Indemnity.  See, e.g., S.A. Healy, 60 F.3d 305.  The Court also recognizes that Home Indemnity has been the subject of some academic criticism.  See Benjamin J. Roesch, Comment, Eerie Similarities: Alaska Civil Rule 68, "Direct Collisions," And the Problem of Non-Aligning Background Assumptions, 23 Alaska L. Rev. 81, 87-88 (2006) ("I believe that Home Indemnity was incorrectly decided . . ."); see also Street, supra, at 353-55 (advocating for courts to follow Seventh and Eleventh Circuit authority, rather than Home Indemnity).  Nonetheless, this Court is bound by Ninth Circuit authority absent controlling intervening authority to the contrary.  See, e.g., Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (a district court may disregard a Ninth Circuit decision where it is "clearly irreconcilable" with a later Supreme Court decision).  Plaintiff has pointed to no such authority.[3]  It is not for this Court to decide whether the Ninth Circuit incorrectly applied pre-existing Supreme Court precedent in reaching its holding in Home Indemnity, and the Court will follow Home Indemnity.

     The Court also requested supplemental briefing from the parties regarding whether this Court is required under the law of the case to find that Section 3291 is applicable for the postjudgment stage of the litigation in light of Judge Schiavelli's earlier finding that it applied to the pre-judgment stage of the litigation.  (See June 2, 2010 Minute Order at 1-2; see also June 27, 2008 Minute Order at 3 (Docket #

---

   [2] Plaintiff's supplemental brief states that "[o]ther federal Court[s] of Appeals decisions – including one from the Ninth Circuit – have upheld the application of state offer of judgment rules that apply to offers by plaintiff."  (Plaintiff's Suppl. Brief at 8 (emphasis in original).)  Plaintiff did not actually cite any such Ninth Circuit authority, however.  It would appear that Plaintiff is instead referring to its later discussion of Feezor v. La Mirada Retaurant, CV-S03-2053GEB/GGH, 2003 WL 24275212 (E.D. Cal. Dec. 15, 2003).  The district court in Feezor did not acknowledge Home Indemnity, so the Court does not find it persuasive.

   [3] Plaintiff's supplemental brief discusses at length Justice Stevens's concurring opinion in Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., __ U.S. __, 130 S.Ct. 1431 (2010).  The Supreme Court there held that New York's prohibition on class actions involving penalties did not apply in diversity cases in federal court because it was validly preempted by Fed. R. Civ. P. 23.  Although she argues that the Ninth Circuit's holding in Home Indemnity is inconsistent with Justice Stevens's concurrence in Shady Grove, Plaintiff admits that "Justice Stevens broke no new ground in his [concurring] opinion; indeed, he repeatedly cited the Court's earlier decision in Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136 (1965)."  (Plaintiff's Suppl. Brief at 4.)  Given Plaintiff's position that Justice Stevens's concurring opinion did not in any way change the law, it is hard to understand how it would be considered an intervening change in the law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-6208 GPS (JCx) | Date | June 14, 2010 |
|---|---|---|---|

| Title | Kimberly Manfred v. Superstation, Inc. |
|---|---|

194) (Schiavelli, J.) (applying Section 3291 without analysis in awarding prejudgment interest).) Plaintiff's supplemental brief primarily argues that the Court cannot change the pre-judgment interest awarded by Judge Schiavelli, and essentially concedes that the Court is not required under the law of the case to apply Section 3291 here. (See Plaintiff's Suppl. Brief at 11 ("This Court is not necessarily bound by the earlier decision in ruling on the motion presently before the Court." (bolding and capitalization omitted).) The Court concludes that it is not bound by Judge Schiavelli's earlier ruling in deciding the pending motions.

Accordingly, the Court **DENIES** Plaintiff's motion as she is not entitled to the 10% interest provided by Cal. Civ. Code § 3291. For that reason, the Court also **GRANTS** Defendant's motion under Rule 60(b)(5) as the judgment was satisfied with its earlier payment to Plaintiff.

**IT IS SO ORDERED.**

:

Initials of Preparer            AB