UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-6208 GPS (JCx) | Date | November 18, 2010 |
| Title | Kimberly Manfred, et al. v. Superstation, Inc., et al. | | |

Present: The Honorable  Audrey B. Collins, Chief Judge

| Angela Bridges | Not present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**  ORDER DENYING MOTION TO REOPEN PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(A)(6)  (In Chambers)

   Pending before the Court is Plaintiff's motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). (Docket # 250.) The Court finds the motion properly resolved without oral argument and **VACATES** the November 22, 2010 hearing date. See Local Rule 7-15. Having reviewed the materials submitted, argument of counsel, and the record, the Court hereby **DENIES** the motion.

   Plaintiff wants to appeal this Court's June 14, 2010 minute order. Plaintiff filed a notice of appeal on August 6, 2010, and an amended notice of appeal on August 11, 2010. Fearing that the appeal was untimely, on August 16, 2010, Plaintiff filed a motion to extend the deadline to appeal. That motion explained that a paralegal working for Plaintiff's counsel "recalls that when this Court issued its June 14, 2010 order, he briefly reviewed the relevant appeal dates, but – for reasons he does not understand – he thought the appeal deadline was 60, rather than 30 days." (Docket # 244 at 4.)[1] As noted by Defendant in opposition and by the Court in a subsequent order to show cause, however, it appeared that Plaintiff's motion to extend the deadline to appeal itself was also untimely. (See Docket # 246 (order to show cause).) Rather than arguing that the motion was in fact timely, Plaintiff withdrew the motion. (Docket # 247.)

   Now pending before the Court is Plaintiff's motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). (Docket # 250.) One of the pre-requisites for relief under Fed. R. App. P. 4(a)(6) is that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). Fed. R. Civ. P. 77(d) in turn provides that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in

---

[1] Plaintiff's motion had also argued that her notice of appeal was actually timely. As the Court noted in its order to show cause, that appears to be an issue reserved for the Ninth Circuit to decide. (Docket # 246 (citing United States v. Sadler, 480 F.3d 932, 940 (9th Cir. 2007); United States v. Lopez, 562 F.3d 1309, 1313 (11th Cir. 2009)).) The Court has not addressed the merits of that argument, and does not do so here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-6208 GPS (JCx) | Date | November 18, 2010 |
| Title | Kimberly Manfred, et al. v. Superstation, Inc., et al. | | |

default for failing to appear." Fed. R. Civ. P. 77(d)(1). And Fed. R. Civ. P. 5(b) provides various means of effectuating that service, including "sending it by electronic means if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E).

Thus, a threshold issue for Plaintiff's pending motion is whether her counsel received notice of the Court's June 14, 2010 minute order in accordance with these rules. As part of their moving papers, Plaintiff's counsel (Mr. Ottosi and Mr. Williams) submitted signed declarations stating that "[a]t no time [had they] received a written notice of entry of this Court's orders of June 14, 2010 from . . . the Court." (Ottosi Decl. ¶ 2; Williams Decl. ¶ 2.)[2] The Court found these statements somewhat puzzling given that the electronic receipt on the docket reflects that Mr. Ottosi and Mr. Williams were both sent a written, electronic notice of the Court's June 14, 2010 ruling on June 14, 2010.[3] As Plaintiff's motion failed to address that electronic service or the case law finding such service sufficient to constitute notice for purposes of Fed. R. App. P. 4(a)(6)(A) and Fed. R. Civ. P. 77(d)(1), and because Plaintiff failed to file a reply brief, the Court ordered that Plaintiff file a reply brief addressing the issue. (Docket # 253.)

Plaintiff has now filed that reply brief. (Docket # 258.) Plaintiff does not dispute that her counsel received on June 14, 2010 the Court's electronic notice that the June 14, 2010 minute order had been entered. Instead, although not entirely clear, Plaintiff appears to argue that the electronic service provided by the Court does not meet the requirements of Fed. R. Civ. P. 77(d). (See Docket # 258 at 1-2 ("Plaintiff's attorneys do not contend that they were unaware of this Court's June 14, 2010 orders; they do not argue that the Court's order granting Defendant's motion was never entered; nor do they suggest that they did not receive copies of the Court's rulings. They do, however, state that they did not receive a distinct, formal, written 'notice of entry of order' as required under Fed. R. Civ. P. 77(d).").)

Plaintiff's position is untenable. Plaintiff's counsel consented to participating in the Court's electronic filing system. As noted above, Plaintiff does not dispute that her counsel actually received the Court's electronic notice that the June 14, 2010 minute order had been entered. Where a notice of entry of an order is electronically mailed to counsel pursuant to a court's electronic filing procedures, as is the case here, that is sufficient to constitute service as contemplated by Fed. R. Civ. P. 77(d) and defeats requests for relief under Fed. R. App. P. 4(a)(6)(A) . See, e.g., Mitchell v. United States, 331 Fed. Appx. 511, 512 (9th Cir. Aug. 10, 2009) ("The district court did not abuse its discretion in determining Mitchell is not entitled to reopening of the case under Federal Rule of Appellate Procedure 4(a). Mitchell's attorney of record received electronic notice of the entry of judgment against him the day the

---

[2] Because the signed declarations were not properly filed but were only provided to the Court as mandatory chambers copies, the Court subsequently added them to the record as an attachment to its November 3, 2010 minute order. (Docket # 253.)

[3] The Court attached a copy of that electronic receipt to its November 3, 2010 minute order. (Docket # 253.) The electronic receipt shows that Mr. Ottosi was sent notice at his email address of ottosilaw@sbcglobal.net. It shows that Mr. Williams was sent notice at two separate email addresses: soosh@sbcglobal.net and williamsgarry@sbcglobal.net.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-6208 GPS (JCx) | Date | November 18, 2010 |
| Title | Kimberly Manfred, et al. v. Superstation, Inc., et al. | | |

judgment was entered. *See* Fed. R. App. P. 4(a)(6)(A). The district court's notice of electronic service of the judgment on Mitchell's counsel at the e-mail address he registered with the court establishes that he received proper service. Fed. R. Civ. P. 77(d)(1) . . ."); Wilson v. Poulos, No. 08-CV-1412 JLS (JMA), 2010 WL 3033805, at *2 (S.D. Cal. Aug. 3, 2010) (denying motion brought under Fed. R. App. P. 4(a)(6) because the records in the Court's electronic case filing system showed that notice of the judgment was electronically mailed to Plaintiff's counsel, from which the court found that Plaintiff received notice under Rule 77(d)); Powell v. Am. President Lines, Ltd., No. C08-1606 MJP, 2010 WL 455228, at *3 (W.D. Wash. Feb. 1, 2010) (same); see also American Boat Co. v. Unknown Sunken Barge, 567 F.3d 348, 352-53 (8th Cir. 2009) (affirming denial of Fed. R. App. P. 4(a)(6) motion because counsel had received the CM/ECF automatically-generated Notice of Electronic Filing).

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's motion to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6).

**IT IS SO ORDERED.**

Initials of Preparer    AB